IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD KINDLE,

        Plaintiff,

v.

        Case No. 3:26-CV-590-NJR

CHARLIE EISERT and WILL STEPHEN,

        Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Edward Kindle, proceeding *pro se*, filed this action against Defendants Charlie Eisert and Will Stephen[1] for compensatory and punitive damages.[2] (Doc. 1). The case is now before the Court on Kindle's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2).

Normally, the fee for filing a complaint and opening a civil case is $405.00. A federal court may permit an indigent party to proceed *in forma pauperis*, that is, without prepayment of fees or costs, as long as the action is not clearly frivolous or malicious. 28 U.S.C. § 1915(a)(1). To demonstrate indigence, an applicant must submit an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without

---

[1] Although Kindle used consistent spelling throughout his filings (*see* Docs. 1–2), Defendant Will Stephen's surname is erroneously spelled "Stephens" on the docket. The Clerk of Court is **DIRECTED** to correct the spelling on the docket accordingly.

[2] In his form complaint, Kindle checked the boxes for both monetary and injunctive relief when listing each defendant. (Doc. 1, at 2). However, in his request for relief, Kindle does not ask for an injunctive order. *Id.* at 4. Instead, he asks only for monetary damages. *Id.* Even if Kindle does want injunctive relief, it is not clear from the complaint what form such relief would take; accordingly, the Court construes Kindle as seeking only compensatory and punitive damages.

Page 1 of 4

prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The test for determining whether an action is clearly frivolous is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).

Here, the Court is satisfied from Kindle's affidavit that he is indigent. Kindle states that he receives $1,640.00 per month, solely from Social Security disability payments. (Doc. 2). He has only $600 in savings and assets, $500 of which comes from the value of his 1997 GMC truck. *Id.* He pays a total of $1,435 per month to cover rent, gas, electricity, car insurance, medical supplies, and his credit card bill. Because Kindle's expenses nearly total his fixed income, and because he has almost no assets, the Court finds he is unable to pay the filing fee. Because nothing in the file indicates this action is clearly frivolous or malicious, Kindle's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted. The Court notes, however, that it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) should it become apparent in the future that the action is frivolous or malicious or fails to state a claim on which relief may be granted.

The Court also, *sua sponte*, directs Kindle to amend his complaint to provide a more definite statement of his claims. Under Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a). In other words, the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the

hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. Under Rule 12(e), a court may order a party to provide a more definite statement when the original pleadings are "so vague or ambiguous" that the opposing party cannot reasonably be required to frame a response. *Mitchell v. Elec. Beach Tanning Salon Ltd.*, No. 18 C 7475, 2019 WL 1077127, at *2 (N.D. Ill. Mar. 7, 2019).

Currently, the complaint suffers from a number of defects. It is primarily composed of legal conclusions, alleging that various actors (most of whom are not named as defendants) committed or conspired to commit legal violations; it alleges very few facts, and almost no context to explain why Kindle believes his rights have been violated. (*See* Doc. 1, at 6). Although Kindle names Eisert and Stephen, most of his complaint focuses on the actions of other persons. *Id.*

Ultimately, the complaint is so vague that Eisert and Stephen cannot reasonably be required to respond to it. The only specific factual allegation Kindle makes against them is that they "entered [his] property and exercised control" and then "instructed" a third party "to cease and desist from placing [his] home." *Id.* Kindle claims this constituted a due process violation and a taking, *id.*, but the complaint simply does not contain enough facts to see how. What sort of control did Eisert and Stephen exercise? What would it mean to "place" his home, and did the third party follow the instructions of Eisert and Stephen instructions to cease and desist from doing so? What harm did the lack of "placement" (if any) cause Kindle? What about Eisert and Stephen's control over his property? Did they damage it or take it away from him? To answer these questions, readers must use their imagination; the

complaint does not say.

For these reasons, the Court orders Kindle to amend his complaint to provide a more definite statement of the facts and claims he is alleging. At minimum, the amended complaint should provide a more thorough recitation of the facts, as well as enough context for a reader to understand what Eisert and Stephen are alleged to have done. Additionally, if Kindle seeks redress for the actions of persons other than Eisert or Stephen, he is welcome to name additional defendants. The Court encourages him to review its resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court encourages Kindle to review the American Bar Association Pro Se Handbook, which explains how to draft a complaint in federal court.

For these reasons, Plaintiff Edward Kindle's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

Kindle is further **ORDERED** to file an amended complaint on or before **June 12, 2026**. Failure to comply with this Court's order may result in the dismissal of this action.

**IT IS SO ORDERED.**

**DATED:   May 12, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**